HANNAH PHILLIPS, Appellant, v. THE UNITED STATES GRAND LODGE, INDEPENDENT ORDER, SONS OF BENJAMIN, Respondent.

APPEAL from a judgment rendered in favor of the defendant on the verdict of a jury at Trial Term, and from the order denying plaintiff's motion to set aside the verdict and for a new trial upon the minutes.

A. B. Jaworower, for appellant.

Mitchel Levy, for respondent.

McCARTHY, J. The action was brought by the plaintiff against the defendant to recover the sum of $1,000 as endowment money, which plaintiff claims she is entitled to recover from the defendant on the death of plaintiff's husband, one Mark Phillips, who was a member of Daniel Webster Lodge No. 9, the same being a subordinate lodge of the defendant herein.

It seems that the defendant is a fraternal benefit insurance company, and agreed by its constitution, which appears in evidence in this case, that in consideration of certain dues and assessments to be paid by its members through subordinate lodges, that they will pay upon the death of such member the sum of $1,000 to the widow absolutely, unless the member during his

lifetime, by a written designation, otherwise disposed of such endowment and no such claim is made here.

The death of the plaintiff's husband was proven and the non-payment of the endowment was also proved.

The main question litigated upon the trial of this action was the fact whether the defendant properly complied with its constitution and by-laws in sending the notice required by section 1 of article 10 of the defendant's constitution to the deceased member, plaintiff's husband, and whether his suspension as a member was lawful.

That section provides that a member indebted to his lodge, in a sum equal to six months' dues and assessment, or either, shall be stricken from the roll of membership, such member shall be notified by the secretary, by registered letter, directed to his last-known place of residence, as entered upon the secretary's books, of his indebtedness to his lodge in detail, at least ten days in advance of such meeting, and if such indebtedness be not paid at such meeting, then he is to be stricken from the roll after certain requirements shall have been complied with. After a careful reading of the testimony herein, we do not think the evidence shows that the deceased member received the notice as required by the defendant's constitution, nor that he was notified as required therein.

The defendant attempted to show that the deceased received certain communications addressed to him by the officers of the subordinate lodge, of which deceased was a member, but, in our opinion, the record is barren of any proof showing that the deceased actually received the notification required by defendant's constitution.

As we view this case the only question to be determined is was the deceased properly notified before his suspension, and in this we think the defendant has wholly failed.

In actions of this character, where the defendant seeks to obtain a forfeiture of the insurance, it should sustain the burden of proof in that respect, by a clear preponderance of evidence, and must fully comply with its constitution and by-laws, as no presumption will be indulged in under the law to support a forfeiture. Darrow v. Family Fund Society, 116 N. Y. 544; Griffey v. New York Cent. Ins. Co., 100 id. 421.

Inasmuch as we have arrived at the conclusion that the defendant failed to comply with its constitution in giving the deceased member the proper notification as was required, it is

deemed unnecessary to discuss the other exceptions raised upon the trial herein.

It follows that the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

DELEHANTY and SEABURY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.